http://www.va.gov/vetapp16/Files5/1639936.txt

Citation Nr: 1639936 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 09-49 399 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUES

1. Entitlement to service connection for bilateral hearing loss. 

2. Entitlement to service connection for tinnitus. 

REPRESENTATION

Veteran represented by: The American Legion

ATTORNEY FOR THE BOARD

K. Kovarovic, Associate Counsel 

INTRODUCTION

The Veteran served on active duty from April 1974 to January 1976.

These matters come before the Board of Veterans' Appeals (Board) from a September 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. Jurisdiction of these claims has since been transferred to the RO in Atlanta, Georgia.

The issue of entitlement to service connection for an acquired psychiatric disability, claimed as depression and to include as secondary to tinnitus, was raised by the Veteran in a July 2009 lay statement and subsequently referred by the Board in August 2014 and March 2016 remands. However, this issue has not yet been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is again referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).

FINDINGS OF FACT

1. The evidence of record does not establish that the Veteran has a current bilateral hearing loss disability for VA purposes.

2. The Veteran currently suffers from tinnitus. 

2. There is competent and credible evidence that the Veteran experienced in-service noise exposure.

4. The evidence is at least in relative equipoise as to whether the Veteran's tinnitus is causally related to service.

CONCLUSIONS OF LAW

1.The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1110, 1131, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).

2. Resolving any doubt in the Veteran's favor, the criteria for service connection for tinnitus have been met. 38 U.S.C.A. §§ 1110, 1154(b), 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303(b), 3.307, 3.309(a) (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA's Duty to Notify and Assist

As required by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist veterans in substantiating claims for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159(b) (2015). Per the VCAA, when VA receives a complete or substantially complete application for benefits, it is required to notify the veteran and his or her representative, if any, of any information and medical or lay evidence necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2015); Quartuccio v. Principi, 16 Vet. App. 183 (2002). The Court has interpreted this to mean that VA must inform the veteran of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the veteran is expected to provide. Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004).

First, VA has satisfied its duty to notify the Veteran. In letters dated March 2008 and August 2014, the Veteran was notified of the information and evidence necessary to substantiate his claims; the information and evidence that VA would seek to provide; and the information and evidence that he was expected to provide. The letter also notified the Veteran of the process by which disability ratings and effective dates are established. Dingess v. Nicholson, 19 Vet. App. 473 (2006). 
Further, VA has satisfied its duty to assist the Veteran. The claims file contains the Veteran's service and VA treatment records, and multiple efforts were made to obtain the Veteran's private treatment records from Dr. Abidano, though not forthcoming. Additionally, the Veteran underwent VA audiological examination in November 2014. The accompanying report reflects that the VA examiner reviewed the Veteran's claims file, recorded his current complaints, conducted appropriate examinations, rendered appropriate diagnoses and opinions consistent with the evidence of record, and provided rationales for the opinions proffered. As such, the Board finds that the VA examination report and opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

Accordingly, the Board finds that VA satisfied its duties to notify and assist the Veteran under governing laws and regulations. 

Stegall Considerations

These claims were most recently remanded by the Board in March 2016. At that time, the RO was instructed to schedule the Veteran for a videoconference hearing, after which proper appellate procedures were to be followed. 

A claimant has the right to substantial compliance with remand directives. Stegall v. West, 11 Vet. App. 268 (1998) (holding that a remand by the United States Court of Appeals for Veterans Claims Court (Court) or the Board confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders); see also D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict compliance with the terms of a remand request, is required). Here, a videoconference hearing was scheduled for August 2016. However, the Veteran withdrew his hearing request that same month and requested that the claims be returned to the Board for readjudication. See 38 C.F.R. § 20.704 (e) (2015). 

Accordingly, the Board finds that there has been substantial compliance with its March 2016 remand directives, and that the claims are properly before the Board at this time. As such, the Board will now review the merits of the Veteran's claims.

Legal Criteria and Analysis

The Veteran is currently seeking entitlement to service connection for bilateral hearing loss and tinnitus. 

Service connection may be granted for a disability resulting from disease or injury incurred in, or aggravated by, active military service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303(a) (2015). Service connection may also be granted for any disease initially diagnosed after service when the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2015).

To establish service connection, there must be competent evidence of: (1) The current existence of the disability for which service connection is being claimed; 
(2) a disease contracted, an injury suffered, or an event witnessed or experienced in active service; and (3) a nexus or connection between the disease, injury, or event in service and the current disability. Shedden v. Principi, 381 F.3d 1163 (2004).

Bilateral Hearing Loss

The Board first turns to the Veteran's bilateral hearing loss claim.

Here, the Board does not find competent evidence that the Veteran has a current bilateral hearing loss disability for VA purposes. Hearing loss is considered a disability for VA purposes when the threshold level in any of the frequencies 500, 1000, 2000, 3000 and 4000 Hertz (Hz) is 40 decibels or greater; when the thresholds for at least three of these frequencies are 26 decibels or greater; or when speech recognition scores, using the Maryland CNC test, are less than 94 percent. 38 C.F.R. § 3.385 (2015).

The Veteran underwent VA audiological examination in November 2014. At that time, the Veteran's audiometric results were as follows:

Hertz
500
1000
2000
3000
4000
Right Ear
20
20
20
25
25
Left Ear
20
15
20
25
25

The Veteran also registered speech recognition scores of 98 percent for his right ear and 96 percent for his left ear at that time. Additional VA treatment records dated June 2010 indicate that the Veteran's hearing was within normal limits for both ears at that time.

As such, the Board finds that the evidence of record does not establish that the Veteran has a current bilateral hearing loss disability for VA purposes. Accordingly, additional analysis of the Veteran's in-service noise exposure or a possible nexus is not necessary at this time, and the Veteran's claim must be denied. 

Tinnitus

The Board now turns to the Veteran's claim for entitlement to service connection for tinnitus. 

At the outset, the Board finds competent evidence of a current disability. The Veteran reported recurrent tinnitus during his November 2014 VA examination, and has repeated this sentiment in numerous lay statements before the Board. As a layperson is capable of observing tinnitus, the Board finds the Veteran's reports to be sufficient for a finding of a current disability, such that the first Shedden element has been met. See Charles v. Principi, 16 Vet. App. 370, 374 (2002) (asserting that a layperson is capable of observing tinnitus).

The Board also finds competent and credible evidence of noise exposure during service. In July 2009 and September 2014 lay statements, the Veteran reported that he worked on the flight line of Ellsworth Air Force Base (AFB) in South Dakota, such that he was frequently exposed to loud noise from jet engines and additional heavy equipment. 

The Veteran's testimony is both competent and credible. A veteran is competent to report that which he perceives through the use of his senses, including exposure to loud noises. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005); Charles v. Principi, 16 Vet. App. 370 (2002) (finding the veteran competent to testify to symptomatology capable of lay observation); Layno v. Brown, 6 Vet. App. 465, 469 (1994) (noting competent lay evidence requires facts perceived through the use of the five senses). Further, the Veteran's reports are largely supported by the evidence of record. His Certificate of Release or Discharge from Active Duty (DD-214) confirms the Veteran's assignment to the Ellsworth AFB during service, and further denotes his status as an Electronic Warfare Systems Specialist during that time. It is entirely plausible that the Veteran could have been positioned on or near the flight line when carrying out his requisite in-service duties, such that the Veteran's descriptions of the in-service events are consistent with the nature of his service. Additionally, the Veteran's reports are well-documented and unvarying throughout the record. Accordingly, the Board finds competent and credible evidence that the Veteran experienced in-service noise exposure, such that the second Shedden element has been met.

In turning to the final element required for a finding of service connection, the Board notes that there are conflicting nexus opinions of record. During the November 2014 audiological examination, the VA examiner opined that it is less likely than not that the Veteran's tinnitus was caused by or a result of military noise exposure. In support of this conclusion, the examiner noted that there was no evidence of noise injury during service considering that there was no significant positive threshold shift when comparing enlistment and separation exams. The Board affords limited probative value to this opinion, which is based solely upon a comparison of the Veteran's entrance and exit examinations and does not appear to consider the Veteran's reports of in-service noise exposure, the onset of his tinnitus shortly after his discharge from service, or the lack of hearing protection used by the Veteran during service. See Prejean v. West, 13 Vet. App. 444, 448-49 (2000); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 30 (holding that the probative value of a medical opinion comes from the "factually accurate, fully articulated, sound reasoning for the conclusion").

By contrast, the Veteran has personally asserted a positive nexus opinion. During the November 2014 examination, the Veteran indicated that his tinnitus onset shortly after his exit from service. The Board lends limited probative value to the Veteran's opinion, as he is competent to report the onset of ringing in his ears but lacks the appropriate medical training and expertise to provide a competent opinion regarding etiology. See Layno, 6 Vet. App. at 469; see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007); Jones v. West, 12 Vet. App. 383, 385 (1999) (where the determinative issue is one of medical causation or a diagnosis, only those with specialized medical knowledge, training, or experience are competent to provide evidence on the issue).

Resolving doubt in favor of the Veteran, the Board finds the evidence is at least in relative equipoise as to whether his tinnitus is causally related to service. As such, service connection for tinnitus is granted. 38 C.F.R. § 3.102 (2015). See also 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

ORDER

Entitlement to service connection for bilateral hearing loss is denied.

Entitlement to service connection for tinnitus is granted.

____________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs